IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LOVEPREET SINGH-SANDHU, | : | 1:16-cv-58 |
| | : | |
| Petitioner, | : | |
| | : | Hon. John E. Jones III |
| | : | |
| CRAIG A. LOWE, *et al.*, | : | |
| | : | |
| Respondents. | : | |

## MEMORANDUM

### January 14, 2016

Before the Court is Petitioner Lovepreet Singh-Sandhu's ("Petitioner") Emergency Petition for Issuance of a Writ of Habeas Corpus and For a Stay of Removal (Doc. 1), filed on January 13, 2016. For the reasons that follow, the petition will be dismissed for lack of jurisdiction.

I.   BACKGROUND

Petitioner, a native and citizen of India, entered the United States on February 19, 2015 through Hidalgo, Texas and was apprehended by United States Border Patrol and detained. (Doc. 1, ¶¶ 9-10). Petitioner was placed into expedited removal proceedings pursuant to 8 U.S.C. §1225(b)(1) of the Immigration and Nationality Act ("INA"), found inadmissible and ordered removed. (Doc. 1, ¶ 11). On February 21, 2015, during Petitioner's interview with border patrol agents, he expressed a fear of return to India and was subsequently referred to an asylum

Officer for a credible fear determination. (Doc. 1, ¶ 12). On March 23, 2015, Petitioner engaged in a credible fear interview with an asylum officer, who determined that Petitioner did not have a credible fear of return to India. (Doc. 1, ¶ 13). Following an April 16, 2015 hearing, an immigration judge affirmed the asylum officer's determination that credible fear was not established and the Petitioner was referred for removal. (Doc. 1, ¶15). As noted above, the instant petition was filed, through counsel, on January 13, 2016, seeking a *de novo* review of the findings of the asylum officer and a stay of removal during the pendency of this matter. (Doc. 1, p. 12).

## II.   DISCUSSION

The expedited removal process, as set forth by the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 *et seq.,* as amended by the Illegal Immigration Reform and Responsibility act of 1996 ("IIRIRA") governs the procedures for the inspection of aliens arriving in the United States who have not been admitted or paroled. *See* 8 U.S.C. 1225(b)(1). Aliens who have not been admitted or paroled into the United States and who have not been physically present in the United States continuously for the prior two years are subject to expedited removal without further hearing or review, unless the alien indicates an intention to apply for asylum or a fear of persecution, at which time the immigration officer shall

refer the alien for an interview by an asylum officer.  *See* 8 U.S.C. § 1225(b)(1)(A)(i)-(iii).

If, as here, the asylum officer determines that the alien does not have a credible fear of persecution, the officer shall order the alien removed from the U.S. without further hearing or review.  *See* 8 U.S.C. § 1225(b)(1)(B)(iii)(I).  The asylum officer must prepare a written record of the determination, including a summary of the facts and an analysis of why the alien has not made the credible fear showing.  *See* 8 U.S.C. § 1225(b)(1)(B)(iii)(II).  The alien may then request review by an immigration law judge ("ILJ") and the review must include an opportunity for the alien to be heard and questioned by the ILJ. *See* 8. U.S.C. § 1225(b)(1)(B)(iii)(III).

If the ILJ affirms an asylum officer's negative credible fear determination, the alien is not entitled to any further review by virtue of  8 U.S.C. § 1252(a)(2)(A), which is commonly referred to as "the jurisdiction stripping provision" of this statutory scheme.   This section explicitly establishes and limits the jurisdiction of courts to hear challenges to expedited removal orders as follows: "no court shall have jurisdiction to review . . . any individual determination or to entertain any other cause or claim arising from or relating to the implementation or operation of an order of removal pursuant to section 1225(b)(1)."

The jurisdiction stripping provision is, of course, subject to a few exceptions, which are set forth in 8 U.S.C. § 1252(e)(1)(A). That section advises judicial review in the form of habeas corpus proceedings are available to determinations of (1) whether the petitioner is an alien; (2) was ordered removed; and (3) has been admitted as a permanent resident, refugee or has been granted asylum. Case law construing Congressional intent concludes that "Congress made clear that the only review contemplated in Section 1251(e)(2)(B) is 'whether such an order in fact was issued and whether it relates to the petitioner.'" *M.S.P.C. v. U.S. Customs and Border Protection*, 60 F. Supp. 3d 1156, 1163 (D.N.M. 2014). "Congress clearly intended to preclude further administrative and judicial review of negative credible fear determinations beyond the immigration judge's review set forth in 8. U.S.C. § 1225(b)(1)(B)(iii)(III). Congress has decided that one level of review, completely within the Executive Branch, of the asylum officer's negative credible fear determination, is all that is necessary." *Id*. at 1165.

Accordingly, based on the foregoing analysis, this Court lacks jurisdiction to review the negative credible fear determination relative to Petitioner. Thus, we shall dismiss this petition for lack of jurisdiction and no certificate of appealability shall issue. An appropriate Order shall be entered.